UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION
CIVIL ACTION NO.:  2:18-cv-00028-KS-MTP

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of Burroughs Diesel, Inc., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| BAKER PETROLITE, LLC and POLY PROCESSING COMPANY, LLC, | )<br>)<br>) |
| Defendants. | )<br>) |

### PLAINTIFF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL THE DEPOSITIONS OF BRENT GARRETT AND FRED MEYER

Comes now the Plaintiff, Travelers Property Casualty Company of America ("Travelers Property"), by and through its counsel, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and provides the Court with its Memorandum of Law In Support of its Motion to Compel the depositions of Mr. Brent Garrett with Custard Insurance Company and Mr. Fred Meyer with Gallagher Bassett.

I.   Introduction

The defendant Baker Petrolite LLC ("BP") refuses to make its claim-service agents, Brent Garrett and Fred Meyer, available for their properly noticed depositions in this District. Their conduct flouts the rules regarding discovery and severally impedes Plaintiff's ability to prepare its case for trial.

II.     Background and Procedural History

This action arises out of the October 14, 2016 failure of defendant BP's polyethylene storage tank used to store hydrochloric acid (HCL) that leaked and created an acid cloud that traveled through the air and damaged Plaintiff's insured Burroughs Diesel's personal property (trucks, buses and cares) at its property across the street from the BP chemical plant ("chemical spill incident"). Defendant BP denies that the chemical spill traveled across the street and proximately caused Plaintiff's damages. Plaintiff's lawsuit is consolidated with actions brought by Burroughs Diesel, Inc. The fact discovery deadline is February 28, 2019.

On January 8, 2019, Plaintiff noticed the depositions of Brent Garrett and Fred Meyer, independent adjusters who served as BP's agents in providing claim-services related to the subject incident. These depositions have been noticed for February 12, 2019 at BP counsel's offices in Jackson, Mississippi. DE # 66, 67.[1]

Plaintiff's principals Robert Burroughs and Michael Burroughs testified during their depositions that Messrs. Garrett and/or Meyer, on behalf of defendant BP, conceded during an in person meeting that BP was liable for the damage to Burroughs Diesel's real and personal property and instructed Burroughs to dispose of their tire inventory as Baker intended to pay them for this damage. Robert Burroughs Deposition attached as Exhibit "1" at pp. 54-74.

There are emails between Mr. Meyer and Michael Burroughs where Mr. Meyer stated that Baker intended to settle both the uninsured damage claim for the tire inventory and building damage, as well as Travelers subrogation claim for the vehicles at issue. Mr. Meyer sent another

---

[1] BP counsel is presently attempting to schedule the telephone deposition of Daimler for February 12, 2019; however, this deposition has not been confirmed and the date remains open for the parties.

email on behalf of BP where BP offered Burroughs Diesel a $50,000 advance payment toward Burroughs expenses arising from the Incident. Meyer/Garrett emails to Robert/Michael Burroughs attached as Exhibit "2".

Moreover, as part of their dealings with Burroughs Diesel, Messrs. Meyer and/or Garrett reportedly photographed the Burroughs tire inventory, building and vehicles at issue. These photographs have not been produced by Baker.[2]

Finally, Baker identified in its interrogatory answers multiple property claims presented by neighboring businesses and individuals located downstream from Burroughs (further away from the Baker facility). These businesses and individuals include Howard Industries. Baker Petrolite's Second Supplemental Answers to Plaintiff's Second Set of Interrogatories No. 6 attached as Exhibit "3.

As Baker's agents working to address the third-party claims arising from the subject incident, Messrs. Meyer and Garrett likely have information and documents related to the scope, degree and location of these third-party property claims. The discovery of these facts will likely support Plaintiffs assertion that the acid cloud did in fact reach Burroughs Diesel's property and caused the claimed damages.

Baker refuses to produce these two witnesses for their fact depositions asserting that the Court's Order on Burroughs Diesel's Motion to Compel [DE# 84] precludes the depositions on work product or attorney client privilege grounds; Baker also resists producing these fact witnesses

---

[2] Defendant BP has now agreed to produce the photographs taken by Messrs. Garrett and Meyer of the Burroughs property.

claiming that their conversations with Burroughs and others are protected under FRE 408. *See* January 8, 2019 email from BP defense counsel attached as Exhibit "4".

III.    <u>Legal Argument</u>

Fed. R. Civ. P. 26(b)(1) provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defense and proportional to the needs of the case. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Court provided in its December 12, 2018 Order on Burroughs Diesel's Motion to Compel that the communications between Messrs. Garrett and Meyer with BP's in-house counsel were protected as attorney-client privileged communication and the Custard Adjusting Report enjoyed work-product protection; however, the "facts" contained in the [Custard Adjusting] report may be discoverable through different avenues. DE # 84 at p. 10.

Per the Court's Order, communications between these insurance adjusters and third-parties, such as the Burroughs witnesses and neighboring business owners, are facts that do not enjoy protection from discovery. These fact witnesses may not refuse to disclose any relevant fact within their knowledge merely because they incorporated a statement of such a fact into their communication to the BP in-house attorney. See, *Upjohn Co. v. United States,* 449 U.S. 383, 395-396 (1981).

WHEREFORE, based upon the defendant BP's failure to make discovery, Plaintiff seeks the following relief:

4

1. That the Court order defendant BP to produce Messrs. Garrett and Meyer for their depositions on February 12, 2019 as noticed;

2. That the Court order defendant BP to reimburse Plaintiff for the cost and expense of preparing this Motion;

3. For any other just and reasonable relief that the Court deems just and proper.

This 11th day of January, 2019.

` SALTZ MATKOV P.C.

/s/ Albert S. Nalibotsky
Albert S. Nalibotsky, Esquire (Pro Hac Vice)
NC Bar No.: 19478
One Morrocroft Centre
6805 Morrison Blvd., Suite 470
Charlotte, North Carolina 28211
Phone: 704-910-2680
Email: analibotsky@saltzmatkov.com

/w/ W. Hugh Gillon
W. Hugh Gillon, IV (MS Bar # 8947)
Upshaw, Williams, Biggers & Beckham, LLP
P.O. Box 3080
Ridgeland, MS 39158-3080
Phone: 601-978-1996
Email: hgillon@upshawwilliams.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **Plaintiff's Memorandum of Law in Support of Its Motion to Compel the Depositions of Brent Garrett and Fred Meyer** was caused to be served electronically upon the counsel of record stated below through the CM/ECF system, on this the 11th day of January, 2019:

Matthew D. Miller, Esquire
Nicholas K. Thompson, Esquire
Copeland, Cook, Taylor & Bush, PA
P.O. Box 17619
Hattiesburg, MS 39404-7619
mmiller@cctb.com
nthompson@cctb.com
*Counsel for Defendant, Poly Processing Company, LLC*

Edwin S. Gault, Jr., Esquire
Spencer M. Ritchie, Esquire
T. Peyton Smith, Esquire
Forman Watkins & Krutz LLP
P.O. Box 22608
Jackson, MS 39225-2608
Win.gault@formanwatkins.com
Spencer.ritchie@formanwatkins.com
Peyton.smith@formanwatkins.com
*Counsel for Defendant Baker Petrolite LLC*

Tom Julian, Esquire
C. Michael Ellingburg, Esquire
Daniel Coker Horton & Bell, P.A.
Post Office Box 1084
Jackson, MS 39211-1084
tjulian@danielcoker.com
mellingburg@danielcoker.com
*Counsel for Interested Party The Travelers Indemnity Company of America*

Ken R. Adcock, Esquire
William C. Ivison, Esquire
Adcock & Morrison, PLLC
Post Office Box 3308
Ridgeland, MS 39158
kadcock@adcockandmorrison.com
wivison@adcockandmorrison.com
*Counsel for Interested Party Burroughs Diesel, Inc.*

Brenen G. Ely, Esquire
Susan H. McCurry, Esquire
Ely & Isenberg, LLC
2100-B SouthBridge Parkway
Suite 380
Birmingham, Alabama 35209
bely@elylawllc.com
smccurry@elylawllc.com
*Counsel for The Travelers Indemnity Company of America*

/s/ Albert S. Nalibotsky
Albert S. Nalibotsky