UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**TRAVELERS PROPERTY CASUALTY**            **PLAINTIFF**
**COMPANY OF AMERICA, as subrogee**
**of Burroughs Diesel, Inc.,**

**v.**            **CAUSE NO. 2:18cv28-KS-MTP**

**BAKER PETROLITE, LLC and POLY**            **DEFENDANTS**
**PROCESSING COMPANY, LLC**

**DEFENDANT BAKER PETROLITE LLC'S MEMORANDUM BRIEF
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

Defendant Baker Petrolite LLC ("Baker") files its memorandum brief in opposition to Plaintiff Travelers Property Casualty Company of America's ("Travelers") motion for an order compelling the depositions of Brent Garrett and Fred Meyer (Doc. 68).

### I. BACKGROUND

This subrogation action arises from the October 14, 2016 failure of a tank storing hydrochloric acid on the property of Baker's Laurel, Mississippi facility. Three business days after the tank failure, Baker's General Counsel received a letter from counsel for Travelers Insurance Company, the insurer for Burroughs Diesel, Inc. ("Burroughs"), noticing potential subrogation claims against Baker for losses to Burroughs' property.[1]

Upon receipt of the letter, in-house counsel for Baker instructed Fred Meyer, an employee of Gallagher Bassett Services, Inc. ("Gallagher Bassett"), Baker's third-party administrator, to retain someone to inspect Burroughs' property.[2] Mr. Meyer selected Custard Insurance Adjusters ("Custard") and its employee Brent Garrett to represent Baker at the inspections.[3]

---

[1] Doc. 75-6, Exhibit F (Case No. 2-18-cv-00026)
[2] Doc. 75-7, Exhibit G (Case No. 2-18-cv-00026)
[3] *Id.*

Mr. Garrett inspected Burroughs' property at the direction of and reported to Baker's in-house counsel.[4] While inspecting Burroughs' property, Mr. Garrett took photographs. Mr. Garrett's inspections of Burroughs' property culminated in a report for Baker's in-house counsel. This report was the subject of a discovery dispute between Baker and Burroughs resulting in the Court's December 11, 2018 Order.[5]

At the direction of Baker's in-house counsel, Custard and Mr. Garrett also inspected property owned by other neighboring property owners (*i.e.*, other than Burroughs) who contacted Baker about possible damages arising from the tank failure. As with the Burroughs' property, Mr. Garrett took photographs of the damages allegedly suffered by these property owners, and Mr. Garrett subsequently issued written reports for Baker's in-house counsel containing his assessments of alleged damage to the properties.

Fred Meyer never visited or inspected the Burroughs property or any of the other properties referenced above. Mr. Meyer's role was limited to hiring Custard and Mr. Garrett to perform inspections and working with Baker's in-house counsel on the settlement and payment of claims.

On January 3, 2019, the Court conducted a telephonic hearing regarding Travelers' request to depose Mr. Garrett and Mr. Meyer. Following this hearing, on January 11, 2019, Baker produced the photographs Mr. Garrett took of the Burroughs property, as referenced above. The production contained 460 photographs of Burroughs' property, including over 120 photographs of the Western Star trucks at issue in this subrogation action.

On January 8, 2019, Travelers filed notices to take the depositions of Mr. Garrett and Mr. Meyer. The apparent purpose of these depositions, as articulated by Travelers, is to discover the degree and location of the alleged damages to Burroughs' property and that of other neighboring

---

[4] *Id.*
[5] Doc. 84.

property owners and alleged communications between Mr. Garrett and Mr. Meyer and Burroughs' representatives about Burroughs' damages.[6]

## II. ARGUMENT

### A. Garrett and Meyer were agents of Baker's in-house counsel and their work product concerning damages to Burroughs' and other's properties cannot be discovered.

In its December 11, 2018 Order arising from the discovery dispute between Burroughs and Baker, the Court found that Gallagher Bassett and Custard were agents of Baker's in-house counsel in responding to damage claims resulting from the tank failure.[7] As agents, therefore, Mr. Garrett and Mr. Meyer's work product responding to the damage claims, including their opinions and mental impressions concerning such damages, are protected from discovery.[8] While true, as the Court explained in the December 11, 2018 Order, that facts underlying reports or communications to Baker's in-house counsel are not privileged under the attorney-client privilege, the agents' work product is nevertheless protected.

### B. Mr. Garrett.

Baker agrees it would be proper for Travelers to depose Mr. Garrett about what was said in his alleged conversations with Michael and Robert Burroughs because that topic would not impinge on his work product or his privileged communications with Baker's in-house counsel.

On the other hand, Mr. Garrett cannot be asked about damages to Burroughs property beyond what his photographs depict without impermissibly calling for his opinions and mental impressions concerning such damages. Additionally, testimony concerning the condition of Burroughs' property as caused by hydrochloric acid fumes is for expert not fact testimony.

---

[6] *See* Docs. 68 & 69. *See also* Exhibit A to Baker's Response in Opposition to Plaintiff's Motion to Compel (Counsel for Travelers' Email to Court).
[7] *See* Doc. 84 at 6-10.
[8] *Id.*

For example, likely deposition inquiry by Travelers would be to show Mr. Garrett photographs he took of the Burroughs' property and ask him if he thought the images depicted damage caused by hydrochloric acid fumes. Answering this question would require Mr. Garrett to reveal mental impressions about Burroughs' alleged damages that he had been hired by Gallagher Bassett and Baker to collect and communicate to them. Such questioning would also require him to opine on a matter that the parties have agreed requires expert testimony, *i.e.*, the condition of property as caused by hydrochloric acid fumes.

Regarding other properties, the presence of any damage potentially caused by the tank failure and any communications with those property owners are irrelevant to Travelers' claims. It is not as if Travelers has no evidence from which to determine whether Burroughs' property was potentially damaged by the hydrochloric acid fumes, in which case the presence of such damage on neighboring properties could be relevant. Rather, Travelers has in its possession hundreds of photographs of Burroughs' property and the Western Star trucks following the tank failure, and its employee, Jason White, inspected the trucks on October 26, 2016.[9]

Furthermore, in addition to being irrelevant, as with the Burroughs' property, questioning Mr. Garrett about damage to the other properties would require him to testify to his opinions and mental impressions concerning such damages. Additionally, testimony concerning the condition of those properties as caused by hydrochloric acid fumes is for expert not fact testimony.

**C.    Mr. Meyer.**

As stated above, Mr. Meyer never inspected or visited the Burroughs or any other property. As such, he has no first-hand knowledge of and can offer no testimony relevant to the degree and

---

[9] *See* Exhibit B to Baker's Response in Opposition to Plaintiff's Motion to Compel at pg. 3 (Travelers' Response to Baker's Interrogatory No. 2).

location of the alleged damages to Burroughs' property and that of other neighboring property owners.

Regarding Mr. Meyer's communication with representatives of Burroughs, it was limited to one or two phone calls and two emails, and only the two emails contained the communications at issue in the instant motion.[10] These statements by Mr. Meyer in the two emails were made with an eye toward compromise and are therefore not admissible under Federal Rule of Evidence 408.

In addition to being inadmissible, Mr. Meyer's statements in the two emails speak for themselves, and any questioning beyond what they state would impermissibly call for Mr. Meyer's opinions or mental impressions and/or privileged communications with Baker's in-house counsel concerning the settlement of Burroughs' claims. Under these circumstances, taking the deposition of Mr. Meyer would not be proportional to the needs of the case and therefore outside the permissible scope of discovery under Federal Rule of Civil Procedure 26(b)(1).

### III.  CONCLUSION

For the foregoing reasons, Baker requests the Court deny the instant motion to compel discovery.

Respectfully submitted, this the 25th day of January, 2019.

**BAKER PETROLITE LLC**

By:  /s/ *Spencer M. Ritchie*
Edwin S. Gault, Jr. (MSB #10187)
Spencer M. Ritchie (MSB #103636)

*Attorneys for Defendant Baker Petrolite LLC*

OF COUNSEL:

FORMAN WATKINS & KRUTZ LLP
210 E. Capitol Street, Suite 2200 (39201)
P.O. Box 22608

---

[10] *See* Exhibit C to Baker's Response in Opposition to Plaintiff's Motion to Compel (Michael Burroughs Deposition Testimony).

Jackson, MS 39225-2608
Phone: (601) 960-8600
win.gault@formanwatkins.com
spencer.ritchie@formanwatkins.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically served the foregoing pleading using the Court's ECF System, which sent notification to all known counsel of record.

    THIS, the 25th day of January, 2019.

                                    By:  /s/ *Spencer M. Ritchie*
                                            Spencer M. Ritchie (MSB #103636)